UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SHAWN DALE NANEZ,

Plaintiff,

v.

TELA SIGSWORTH Health Services Administrator SCORE Jail, et al.,

Defendants.

CASE NO. 2:26-cv-02719-TMC-BAT

**REPORT AND RECOMMENDATION TO DISMISS**

Plaintiff, a Monroe Correctional Complex detainee, filed a 42 U.S.C. § 1983 complaint alleging Defendants at the SCORE jail violated his constitutional rights. The Court recommends **DISMISSING** the case with prejudice because the complaint was filed outside the statute of limitations and is time-barred. Leave to amend should be denied as futile because no amendment will alter the untimeliness of the complaint.

On July 31, 2026, Plaintiff filed a § 1983 complaint alleging between June 10 and July 11, 2022, the 54 named Defendants denied him adequate medical care, and subjected Plaintiff to cruel and unusual living conditions at the SCORE jail. Dkt. 1. Plaintiff's allegations are not detailed because Plaintiff's § 1983 claims are time-barred.

Plaintiff was required to file his § 1983 complaint within the applicable Washington State statute of limitations. *Rose v. Rinaldi*, 654 F.2d 546, 547 (9th Cir. 1981). In Washington State, the three-year limitations period for any other injury to the person or rights of another contained in R.C.W. 4.16.080(2)," applies to § 1983 claims. *Id*.

Federal law determines when a § 1983 claim accrues. *Two Rivers v. Lewis*, 174 F.3d 987, 991 (9th Cir. 1999). A § 1983 claim accrues when a plaintiff knows or has reason to know of the injury which is the basis of the action. *Kimes v. Stone*, 84 F.3d 1121, 1128 (9th Cir. 1996); *see also Knox v. Davis*, 260 F.3d 1009, 1013 (9th Cir. 2001) (quoting *Two Rivers*, 174 F.3d at 992). To determine when a claim accrues, the Court must focus on the time-period in which the complained of acts occurred, not on the time-period in which the consequences of the acts became most painful. *Abramson v. Univ. of Hawaii*, 594 F.2d 202, 209 (9th Cir. 1979).

The complaint establishes Plaintiff's claims accrued between June 10 and July 11, 2022. In claim 1, Plaintiff alleges in June 2022, he told SCORE jail staff he ingested a part of his "jail slides," and needed surgery. In response, Defendants indicated there was no proof Plaintiff swallowed a part of his slides, denied him surgery, and placed him on a "swallow protocol." Dkt. 1 at 19-20. About July 10, 2022, when Plaintiff was scheduled to leave the SCORE jail, Plaintiff alleges he received Emergency Room care that revealed a "plastic foreign body in my esophagus." *Id.* at 21. In claim 2, Plaintiff alleges between June 10 and July 11, 2022, after he told staff he swallowed a piece of his slides, Defendants placed Plaintiff in "medical," with no mattress, clothes (other than a suicide gown), pens/pencils, yard or phone privileges. *Id.* at 25-26. Plaintiff alleges due to his living conditions he was covered by his own vomit and feces and claims his treatment while housed in "medical' was cruel and unusual. *Id.* at 27-30.

Plaintiff's complaint thus establishes in June and July, 2022, Plaintiff knew about the acts of which he now complains, and his § 1983 claims accrued for purposes of calculating the statute of limitations in June and July 2022. Because more than three years passed between the alleged acts that occurred in 2022, and the date Plaintiff filed the present complaint, the complaint is untimely and barred by the statute of limitations.

Plaintiff recognizes his complaint is untimely by arguing it is not time-barred because he has "severe mental health issues" and because he had outstanding warrants with several counties that contract with the SCORE jail and feared SCORE would retaliate if he filed suit. Dkt. 1 at 3. These explanations fail to establish equitable grounds to toll the § 1983 statute of limitations. The Court applies Washington State law regarding equitable tolling for § 1983 actions. *Jones v. Blanas*, 393 F.3d 918, 927 (9th Cir. 2004). In Washington "[a] plaintiff seeking equitable tolling of the statute of limitations in a civil suit must demonstrate that such extraordinary relief is warranted because (1) the plaintiff has exercised diligence, (2) the defendant's bad faith, false assurances, or deception interfered with the plaintiff's timely filing, (3) tolling is consistent with (a) the purpose of the underlying statute and (b) the purpose of the statute of limitations, and (4) justice requires tolling the statute of limitations." *Fowler v. Guerin*, 200 Wn.2d. 110, 125 (2022). Additionally, "Washington courts must evaluate each part of this standard in light of the particular facts of each case and should equitably toll the applicable statute of limitations only when all four parts of the *Millay* standard are satisfied." *Id.* at 124-25.

Courts "typically permit equitable tolling to occur only sparingly and should not extend it to a garden variety claim of excusable neglect." *State v. Robinson*, 104 Wash. App. 657, 667 (2001) (internal quotations omitted).

Here, Plaintiff does not meet all four parts of the Washington State standard required to equitably toll the statute of limitations. The Court's records show Plaintiff had the capacity to file a *pro se* civil rights complaint on April 17, 2024 in *Nanez v. Sapp*, 3:24-cv-05293-RSL (settled on December 8, 2025 and dismissed January 9, 2026). Accordingly, Plaintiff's alleged mental health issues are not grounds to toll the statute of limitations.

Plaintiff's claim he intentionally delayed filing the present complaint because he was afraid SCORE might retaliate against him is a theoretical and generalized concern not supported by any facts, and not a barrier to bringing a timely lawsuit. Additionally, Plaintiff has failed to exercise diligence. Plaintiff intentionally chose not to file his complaint within the statute of limitations, and his rationale for filing an untimely complaint does not evidence Defendants acted in bad faith, made false assurances, or engaged in deception, or that Defendants somehow interfered with his ability to timely file the complaint.

In sum, the Court finds Plaintiff's § 1983 complaint is untimely and barred by the statute of limitations. Because Plaintiff fails to establish equitable grounds to toll the statute of limitations the case should be dismissed with prejudice. No amendment will the untimeliness of the complaint, and the Court should thus deny leave to amend as futile. *See* Silva v. City of Los Gatos, 2023 WL 1989771 at * 2 (9th Cir. 2023) citing *Cervantes v. Countrywide Home Loans, Inc*., 656 F.3d 1034, 1041 (9th Cir. 2011) ("a district court may dismiss without leave where a plaintiff's proposed amendments would fail to cure the pleading deficiencies and amendment would be futile.").

/

/

/

## OBJECTIONS AND APPEAL

This Report and Recommendation is not an appealable order. Thus, Plaintiff should not file a notice of appeal in the Court of Appeals for the Ninth Circuit until the assigned District Judge enters a judgment in the case.

Objections may be filed no later than **August 25, 2026.** The Clerk should note the matter for **August 26, 2026**, as ready for the assigned District Judge's consideration. The failure to timely object may affect the right to appeal.

DATED this 11th day of August, 2026.

BRIAN A. TSUCHIDA
United States Magistrate Judge